# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Eliud I. LOPEZ
**Machinery Technician Third Class (E-4), U.S. Coast Guard**

**CGCMSP 25013**
**Docket No. 1487**

**21 January 2026**

Special court-martial sentence adjudged on 2 November 2022.

| | |
|---|---|
| Military Judge: | CDR Bryan D. Tiley, USCG |
| Appellate Defense Counsel: | CDR Jason W. Roberts, USCG |
| | LCDR Sierra B. Whitaker-Davis, USCG |
| | LT Schuyler B. Millham, USCG |
| | LCDR Jennifer S. Saviano, USCG |
| Appellate Government Counsel: | LT Christopher J. Hamersky, USCG |
| | LCDR Lorhel E. Stokes, USCG |
| | LT Elizabeth M. Ulan, USCG |

### BEFORE
### McCLELLAND, JUDGE & BRUBAKER
Appellate Military Judges

McCLELLAND, Chief Judge:

A military judge sitting as a special court-martial convicted Appellant, contrary to his pleas, of two specifications of indecent recording, in violation of Article 120c, Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to confinement for three months, reduction to E-1, and a bad-conduct discharge. The convening authority (CA) disapproved one month of confinement. Judgment was entered accordingly. However, the Government failed to notify the brig in which Appellant was confined of the reduced sentence to confinement. As a result, Appellant was subjected to 26 days of excess (illegal) confinement.

**United States v. Eliud I. LOPEZ, No. 1487 (C. G. Ct. Crim. App. 2026)**

In our first review of this case, on consideration of Appellant's assertion that the Government's failure to execute the CA's action reducing Appellant's period of confinement violated his Fifth Amendment right to due process, we agreed that relief was warranted, but declined to set aside the bad-conduct discharge. We disapproved the reduction to E-1 and ordered payment of 26 days of pay and allowances at the E-4 rate. We affirmed confinement for two months and a bad-conduct discharge. *United States v. Lopez*, No. 1487, 2024 WL 3369740 at *12 (C.G. Ct. Crim. App. July 11, 2024). After granting review, the United States Court of Appeals for the Armed Forces affirmed as to findings. *United States v. Lopez*, __M.J.__, No. 24 - 0226/CG, 2025 WL 2537171 at *17 (C.A.A.F. Sept. 2, 2025). However, it held that the remedy we ordered fell outside our authority. Accordingly, it set aside the decision as to remedy and ordered the case remanded to this Court for a new review. *Id*.

Before this Court, Appellant again argues that Appellant's adjudged punitive discharge should be set aside as a remedy for the 26 days of illegal post-trial confinement.

We have considered Appellant's arguments. We continue to conclude that setting aside the bad-conduct discharge would be disproportionate to the harm suffered and the nature of the offense. Even if setting aside the reduction in grade is not meaningful relief, we decline to set aside the bad-conduct discharge.

**Decision**

Only so much of the sentence as provides for confinement for two months and a bad-conduct discharge is approved. We determine that the sentence, as reassessed, is correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the sentence, as reassessed, is affirmed.

Judges JUDGE and BRUBAKER concur.



For the Court,

Sarah P. Valdes
Clerk of the Court